**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10-CV-00115 |
| v. | ) ) | Hon. Robert M. Dow Jr. |
| STEVEN W. SALUTRIC, | ) ) | |
| Defendant. | ) | |

**APPLICATION OF RECEIVER FOR PAYMENT OF
ADMINISTRATIVE FEES AND EXPENSES FOR
THE PERIOD FEBRUARY 1, 2010 THROUGH
JULY 31, 2010**

Ira Bodenstein, the Court appointed Receiver, (the "Receiver") over all assets under the possession, custody or control of Steven W. Salutric, pursuant to LR 66.1 and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, (the "Billing Instructions") moves for the entry of an order authorizing the administrative fees and expenses incurred for the period of February 1, 2010 through July 31, 2010 (the "Fee Period") and allowing for the payment thereof as set forth in the Application. In support of this Application, the Receiver respectfully represents as follows:

**INTRODUCTION**

1. This action was commenced by the Securities Exchange Commission ("SEC") against Steven W. Salutric, who is alleged to have engaged in acts in violation of the Securities Exchange Act of 1934 and Investment Advisors Act of 1940.

2. The SEC complaint was filed January 8, 2010. [Docket No. 1].

3. On February 8, 2010, the Court entered its Order Appointing Receiver [Docket No. 51] (the "Appointment Order"). Pursuant to Section III(D) of the

Appointment Order the Receiver is required to submit an application in conformance with the Billing Instructions for payment of all costs, fees and expenses incurred by the Receiver and all persons who are engaged or employed by the Receiver. On July 14, 2010, the Court entered its supplemental Order Appointing Receiver (the "Supplemental Order") [Docket No. 111].

        4.      On February 16, 2010 the Receiver filed his Preliminary Plan of Activities and Budget Estimate (the "Preliminary Plan"). On April 8, 2010, the Receiver filed his First Report of Acts and Transactions and Initial Inventory of Assets (the "First Report") [Docket No. 81]. On July 7. 2010, the Receiver filed his Second Report of Acts and Transactions and Initial Inventory of Assets (the "Second Report") [Docket No. 81]. For purposes of this motion, the Receiver incorporates the Preliminary Plan, the First Report and the Second Report.

        5.      During the Fee Period, the Receiver, in compliance with the Appointment Order has taken possession and control of Receivership Assets totaling $69,293.81 and made disbursements from those assets totaling $72.38 leaving $69,221.43 in unencumbered funds available to pay the allowed fees and costs of the Receiver.[1] Other than the unpaid fees and costs of the Receiver, there are no other administrative expenses of the receiver estate. Attached as Exhibit A is the standardized Fund Accounting Report for the period of 2/1/2010 through 7/31/2010 which contains the details of the receipts and disbursements during the Fee Period.

        6.      The Receiver seeks approval of the fees and expenses of the Receiver and the Receiver's counsel for the Fee Period. This is the first interim request of the

---

[1] Of the amount received $63,771.00 was a royalty distribution from Falcon Picture Group, LLC to Celluloid Distribution, LLC, an entity in which Salutric owns a 55% membership interest.

Receiver. Payment of the approved fees and expenses will be made from the funds currently held by the Receiver. The fees and expenses for which approval is requested are set forth in detail in the invoice attached hereto as Exhibit B. Attached hereto as Exhibit C is a summary containing the names, hourly rates and number of hours for which compensation is sought during the Fee Period of the Receiver and the Receiver's counsel.

      7.      For this first interim application, the fees and expenses of the Receiver and Receiver's counsel are as follows: Receiver's fees of $50,362.50, fees of Receiver's counsel of $29,355 and out of pocket expenses of $1,050.67. During the Fee Period, the Receiver has incurred a total of $80,867.17 in fees and expenses. Although the Receiver seeks approval of all fees and expenses incurred during the Fee Period, the Receiver only seeks authority to pay a total of $51,050.67 from the funds in the Receivership estate. This amount represents payment of 100% ($1,050.67) of the Receiver's out of pocket expenses and 62% ($50,000) of the fees of the Receiver and Receiver's counsel. The additional allowed amount of $29,717.50 will be a holdback to be paid to the Receiver once sufficient funds are available in the receivership estate and subject to further order of this Court.

      8.      During the Fee Period and as set forth in detail in the Preliminary Plan, First Report, Second Report and Exhibit B, the Receiver and his counsel engaged in legal and administrative activities relating to the receivership estate, including the following:

      (i.)      Meetings with SEC counsel, counsel for Salutric, counsel for the Results One entities and Carl Amari and his counsel to obtain and

        review documents and information concerning assets and property of the receivership estate;

(ii.)    Conducted inspections of the offices of the Results One entities to obtain possession of the records and certain personal property of Salutric;

(iii.)   Reviewed thousands of pages of documents to identify potential assets and property of the receivership estate;

(iv.)   Prepared an inventory and liquidated certain assets and property of the receivership's estate; and

(v.)    Prosecuted the Receiver's Stay Motion and obtained an order from this Court staying the prosecution all pending and future action against Salutric and the execution of any judgments entered against Salutric.

9.     Under the provisions of the Supplemental Order, the Receiver shall seek approval of a claims verification, filing and allowance procedure only after there is a determination that sufficient assets exist to justify creation of such procedure. At present, sufficient assets do not exist.

10.    Pursuant to LR 66.1(a)(1), the court shall have discretion to fix the allowance of compensation of the Receiver and his attorneys. The Receiver has served all parties who have filed appearances in this case with a copy of the Motion and all Exhibits by electronic mail through the court noticing system. The Receiver has also served all parties who own membership interests in Celluloid Distribution, LLC by the means indicated in the Certificate of Service. The Receiver believes that under the circumstances such notice is sufficient.

11. In support of this Motion and in compliance with the Billing Instructions the Certification of the Receiver is attached hereto as Exhibit D.

12. In light of the extensive work performed, it is respectfully submitted that the fees and expenses of the Receiver and his counsel are reasonable and should be approved as set forth herein.

WHEREFORE, the Receiver prays that this court enter an Order as follows:

1. Approving and confirming for payment, the fees and expenses of the Receiver in the amount of $80,768.17.

2. Authorizing the Receiver to pay $51,050.67 from the funds in the receivership estate.

3. Approving the procedure for notice by serving all parties who have appeared in this case through the courts electronic noticing system.

4. For such other and further relief as the Court may deem just and proper.

Dated: September 16, 2010

Respectfully submitted,

**IRA BODENSTEIN**, not individually, but solely as Receiver of Steven W. Salutric

/s/Ira Bodenstein
One of his attorneys

Ira Bodenstein (#3126857)
Terence G. Banich (#6269359)
Richard M. Fogel (#3127114)
Shaw Gussis Fishman Glantz Wolfson &
 Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60654
(312) 541-0151
ibodenstein@shawgussis.com
tbanich@shawgussis.com
rfogel@shawgussis.com

{7355 RPT A0271255.DOC} 5