# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 115 | **DATE** | 6/18/2013 |
| **CASE TITLE** | SEC vs. Salutric | | |

**DOCKET ENTRY TEXT**

Status hearing held on 6/18/2013. Receiver and counsel for Plaintiff and Defendant report on current status, including with respect to assets and Defendant's criminal case. Next status report of acts and transactions and inventory of assets to be filed by Receiver by 12/18/2013. This case is set for further status hearing set on 1/7/2014 at 9:00 a.m. The Secretary of Labor's motion to amend Court's order allowing the Secretary to proceed against Steven Salutric [181] is respectfully denied without prejudice. Please see below for further discussion.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Shortly after the SEC brought this civil action against Defendant Steven Salutric, the Court appointed a Receiver. For more than three years, the Receiver has diligently pursued Defendant's property and assets. On April 13, 2010, the Court entered an order staying execution of judgments against Salutric [87]. Paragraph 3 of that order stated, among other things, that "the injunction imposed by this order applies to any and all current and future judgments" entered against Salutric.

On March 8, 2011, the Secretary of Labor filed a complaint against Salutric for alleged violations of ERISA – the action is entitled *Solis v. Salutric*, No. 11-cv-1632 (N.D. Ill.). On June 27, 2011, this Court entered an agreed order allowing the Secretary to proceed in her action seeking an equitable judgment against Salutric. That order further provided that "[i]f the Secretary seeks to enforce any monetary portion of a judgment against Salutric, that enforcement shall be made by submitting a claim in a receivership distribution proceeding or if no receivership distribution proceeding is timely initiated seeking an order from this court allowing restoration of losses to the Plan from Salutric's assets." On June 5, 2012, Judge Chang entered a default judgment against Salutric in the *Solis* action.

On November 16, 2012, the Secretary filed a motion to amend the Court's agreed June 27, 2011 order. According to the Secretary, the June 2011 order should be amended to reflect that any claim brought by the Secretary against assets held by Salutric prior to the appointment of the Receiver shall be submitted as a claim in a receivership distribution proceeding, but any claim by the Secretary against assets Salutric obtained after the Receiver was appointed shall be made pursuant to FRCP 70. The Secretary's position is that the original order contained a "clerical omission" that lies within the Court's power to correct under FRCP 60.

After careful consideration of the parties' briefs and the prior orders entered in this case concerning the Receivership, the Court concludes that any error or omission in the prior agreed order is not "clerical" in nature and thus not subject to correction in the fashion suggested by the Secretary. In addition, there is a more

**STATEMENT**

fundamental potential obstacle to any current efforts by the Secretary to enforce the judgment in the *Solis* case – namely, the injunction set out in paragraph 3 of the Court's April 13, 2010 order. The Court is cognizant that the order was entered more than three years ago, and almost a year before the *Solis* action was even filed. Perhaps the Secretary (or the Receiver) may wish to consider whether a motion to modify the terms of the injunction would be appropriate. But for the time being, the terms of the injunction may block the Secretary wholly apart from the June 27, 2011 order. Finally, the Court notes that in view of (1) the Receiver's most recent report setting out his efforts to obtain a fairly substantial asset for the benefit of Salutric's creditors and (2) Salutric's own forthcoming sentencing date in his criminal case, the Secretary may wish to consider whether the interests of the ERISA plans may best be advanced by waiting to execute on any assets marshalled in this case in any event. Counsel for the Secretary may wish to discuss these developments with the lawyers for the other parties, and if the Secretary wishes to present any of these issues for the Court's consideration, he may file a motion at any time.