**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10-CV-00115 |
| v. | ) ) | Hon. Robert M. Dow Jr. |
| STEVEN W. SALUTRIC, | ) ) | |
| Defendant. | ) | |

**APPLICATION OF RECEIVER FOR PAYMENT OF
ADMINISTRATIVE FEES AND EXPENSES FOR THE
PERIOD AUGUST 1, 2010 THROUGH AUGUST 31, 2017**

Ira Bodenstein, the Court appointed Receiver, (the "Receiver") of Steven W. Salutric, ("Salutric") and Celluloid Distribution, LLC ("Celluloid"), pursuant to LR 66.1 and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission, (the "Billing Instructions") moves for the entry of an order authorizing the administrative fees and expenses incurred for the period of August 1, 2010 through August 31, 2017 (the "Fee Period") and allowing for the payment thereof as set forth in the Application. In support of this Application, the Receiver respectfully represents as follows:

### I. FACTUAL BACKGROUND

*The SEC's Allegations Against Salutric*

1.  Salutric is a former investment advisor who used to reside in Carol Stream, Illinois but is now incarcerated. [Docket No. 1 at ¶ 13.] In 2000, Salutric co-founded the investment advisory firm Results One Financial, LLC ("Results One") which, by November 2009, had over 1,000 clients. [Docket No. 1 at ¶¶ 13-14.] Between 2000 and 2009, Salutric managed the investments of over 100 clients, involving assets of more than $16 million. [Docket No. 1 at ¶ 2.] Most of Salutric's clients were individuals and small businesses. [Docket No. 1 at ¶ 2.]

{7355 APPL A0485921.DOCX}

2. The United States Securities and Exchange Commission (the "<u>SEC</u>") alleges that, beginning in 2007, Salutric misappropriated several million dollars from approximately 17 of his clients to support businesses and entities in which Salutric had an interest, and to make payments to other clients. [Docket No. 1 at ¶¶ 1, 15-31.] Given the magnitude of assets that were under Salutric's management and the length of time he had access to those funds, the SEC believes it is "possible" that Salutric may have misappropriated additional money from different clients. [Docket No. 1 at ¶ 2.]

3. In light of these allegations, the SEC filed the above-captioned civil action pursuant to the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), Rule 10b-5 (17 C.F.R. § 240.10b-5) and the Investment Advisors Act of 1940 (15 U.S.C. § 80b-6) to enjoin Salutric from violating those laws, require Salutric to disgorge any ill-gotten gains he received and impose civil penalties. [Docket No. 1 at ¶¶ 7-8 and pp. 10-11.]

4. A few weeks after filing this enforcement action, the SEC moved the Court to appoint a federal equity receiver. [Docket No. 29.] Salutric did not oppose the appointment of a receiver, but instead asked the Court to restrict the receiver's authority. [Docket No. 44.]

5. On February 8, 2010, after briefing and a contested hearing, the Court granted the SEC's motion and entered an order appointing Mr. Bodenstein to be the federal equity receiver of Salutric (the "First Receivership Order"). [Docket No. 51.] On July 14, 2010, a Supplemental Order Appointing Receiver was entered (the "Supplemental Receivership Order"). [Docket No. 111.]

6. On January 7, 2011, the Court entered an Order expanding the receivership to include Celluloid [Docket No. 136].

7. Pursuant to Section III(D) of the Receivership Order, the Receiver is required to submit an application in conformance with the Billing Instructions for payment of all costs, fees and expenses incurred by the Receiver and all persons who are engaged or employed by the Receiver.

8. Subsequent to his appointment, the Receiver has administered the assets of the estate and reported his administration in periodic reports, the most recent one being the Fourteenth Report of Acts and Transactions filed on April 19, 2017 (the " Fourteenth Report") [Docket No. 267].

9. During the Fee Period, the Receiver, in compliance with the Receivership Order as amended and expanded, has taken possession and control of all receivership assets as detailed in the Fourteenth Report and as of the filing was holding $303,781.54 in the receivership bank account. Other than the unpaid fees and costs of the Receiver and his counsel, the unpaid fees and costs of the accountant for the Receiver, and any potential tax liability of the receivership estate, there are no other administrative expenses of the receivership estate. Attached as Exhibit A is the standardized Fund Accounting Report for the period of 2/1/2010 through 8/31/2017 which contains the details of the receipts and disbursements during the Fee Period.

10. The Receiver seeks approval of the fees and expenses of only the Receiver's counsel for the Fee Period. This is the second interim request of the Receiver. Payment of the approved fees and expenses will be made from the funds currently held by the Receiver. The fees and expenses for which approval is requested are set forth in detail in the invoice attached hereto as Exhibit B.

11. For this second interim application, the fees and expenses of the Receiver's counsel are as follows: Receiver's counsel fees of $98,853.30 and out of pocket expenses of $6,652.55.

During the Fee Period, the Receiver has incurred a total of $102,506.01 in fees and expenses for his counsel. The Receiver seeks approval of all fees and expenses incurred during the Fee Period, payable from the funds currently held in the Receivership estate. This amount represents payment of 100% of the Receiver's out of pocket expenses and fees of the Receiver's counsel, incurred during the Fee Period.

12. During the Fee Period, in addition to the fees and expenses of the Receiver's counsel, the Receiver expended 342.30 hours of his time in administration of the receivership estate. The time detail is attached hereto as Exhibit C. At this time, the Receiver is not seeking any additional compensation for his time. If sufficient funds are available, any additional compensation requested by the Receiver, including the current holdback in the amount of $29,717.50 approved in the Receiver's first interim fee application [Dkt. #121] will remain subject to further order of this Court.

13. During the Fee Period and as set forth in detail in the periodic reports filed by the Receiver during the Fee Period and Exhibit B, the Receiver and his counsel engaged in legal and administrative activities relating to the receivership estate, including the following:

(i.) Meetings with SEC counsel, counsel for Salutric, counsel for the Results One entities and Carl Amari and his counsel to obtain and review documents and information concerning assets and property of the receivership estate;

(ii.) Obtained all records and personal property of Salutric;

(iii.) Reviewed thousands of pages of documents to identify potential assets and property of the receivership estate;

(iv.) Prepared an inventory and liquidated all assets and property of the receivership estate; and

      (v.)    Completed a claims verification process, received approval for a distribution and disbursed $153,781.54 to Claimants with allowed claims.

14.    The Receiver has completed the claims verification process and filed his Motion for Approval of proposed Distribution Plan under which the Receiver proposed to distribute $153,781.54 [Dkt. No. 269] on August 11, 2017.

15.    On August 28, 2017, the court entered an Order approving the Receiver's Distribution Plan [Dkt. #272]. The Receiver has distributed the amount of $153,781.54 and filed his Report of Distribution on August 30, 2017 [Dkt. No. 273].

16.    The Receiver is currently holding $150,000 in the receivership bank account which is available to pay the requested fees and expenses of Receiver's counsel.

17.    After payment of the requested fees and expenses, the Receiver will hold $47,493.99 to fund the remaining administrative fees and costs of closing out the receivership estate.

18.    Pursuant to LR 66.1(a)(1), the court shall have discretion to fix the allowance of compensation of the Receiver and his attorneys. The Receiver has served all parties who have filed appearances in this case and all claimants who filed proofs of claim with a copy of the Motion and all Exhibits by electronic mail through the court noticing system and U.S. Mail (without exhibits). The Receiver believes that under the circumstances such notice is sufficient.

18.    In support of this Motion and in compliance with the Billing Instructions the Certification of the Receiver is attached hereto as Exhibit D.

19.    In light of the extensive work performed, it is respectfully submitted that the fees and expenses of the Receiver's counsel are reasonable and should be approved as set forth herein.

WHEREFORE, the Receiver prays that this court enter an Order as follows:

1. Approving and confirming for payment, the fees and expenses of the Receiver's counsel in the amount of $102,506.01.

2. Authorizing the Receiver to pay $102,506.01 from the funds in the receivership estate.

3. Approving the procedure for notice by serving all parties who have appeared in this case through the courts electronic noticing system and U.S. Mail.

4. For such other and further relief as the Court may deem just and proper.

Dated: October 13, 2017

Respectfully submitted,

**IRA BODENSTEIN**, not individually, but solely as Receiver of Steven W. Salutric and Celluloid Distribution LLC

/s/Ira Bodenstein
One of his attorneys

Ira Bodenstein (#3126857)
Terence G. Banich (#6269359)
Shaw Fishman Glantz & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60654
(312) 541-0151
ibodenstein@shawgussis.com
tbanich@shawgussis.com

{7355 APPL A0485921.DOCX}