IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>v.<br>STEVEN W. SALUTRIC,<br><br>        Defendant. | Case No. 1:10-CV-00115<br><br>Hon. Robert M. Dow Jr. |

## RECEIVER'S FINAL REPORT

Ira Bodenstein, not individually, but solely as the Court-appointed receiver (the "Receiver") for defendant Steven W. Salutric ("Salutric"),[1] in conformance with Section II(H) of the Order Appointing Receiver, dated February 8, 2010 [Docket No. 51] (the "Appointment Order"),[2] hereby submits his final report:

### Introduction

1.  The Appointment Order requires the Receiver to file periodic reports of his acts and transactions and an inventory of Salutric's property and assets. On April 8, 2010, the Receiver filed his First Report of Acts and Transactions and Initial Inventory of Assets (the "First Report") [Docket No. 81]. On July 7, 2010, the Receiver filed his Second Report of Acts and Transactions and Initial Inventory of Assets (the "Second Report") [Docket No. 108]. On February 7, 2011, the Receiver filed his Third Report of Acts and Transactions and Inventory of Assets (the "Third Report') [Docket No. 141].[3] On December 2, 2011, the Receiver filed his Fourth Report of Acts and Transactions and Inventory of Assets (the "Fourth Report") [Docket

---

[1] On January 7, 2011 the Court entered an Order expanding the receivership to include Celluloid Distribution, LLC [Docket No. 136].

[2] On July 14, 2010, the Court entered a Supplemental Order Appointing Receiver [Docket No. 111].

[3] In addition to the First through Thirteenth Reports, the Receiver also filed Reports of Significant Developments on April 27, 2011 [Docket No. 143] and August 31, 2011 [Docket No. 154].

No. 161]. On June 11, 2012, the Receiver filed his Fifth Report of Acts and Transaction and Inventory of Assets (the "Fifth Report") [Docket No. 170]. On December 10, 2012, the Receiver filed his Sixth Report of Acts and Transactions (the "Sixth Report") [Docket No. 183]. On June 7, 2013, the Receiver filed his Seventh Report of Acts and Transactions (the "Seventh Report") [Docket No. 188]. On December 18, 2013, the Receiver filed his Eighth Report of Acts and Transactions (the "Eighth Report") [Docket No. 196]. On August 8, 2014, the Receiver filed his Ninth Report of Acts and Transactions (the "Ninth Report") [Docket No. 209]. On January 29, 2015, the Receiver filed his Tenth Report of Acts and Transactions (the "Tenth Report") [Docket No. 216]. On August 7, 2015, the Receiver filed his Eleventh Report of Acts and Transaction (the "Eleventh Report") [Docket No. 226]. On March 1, 2016, the Receiver filed his Twelfth Report of Acts and Transactions (the "Twelfth Report") [Docket No. 237]. On October 7, 2016, the Receiver filed his Thirteenth Report of Acts & Transactions (the "Thirteenth Report") [Docket No. 255]. On April 19, 2017 the Receiver filed his Fourteenth Report of Acts and Transactions (the "Fourteenth Report") [Docket No. 267]. For purposes of this report, the Receiver incorporates the information contained in all reports previously filed with this Court.[4]

## Acts and Transactions

2. The Receiver reports the following acts and transactions that have occurred since the filing of the Fourteenth Report.

(a) **Distribution Motion.** On August 11, 2017, the Receiver filed his Motion for Approval of Proposed Distribution Plan (the "Distribution Motion") [Docket No. 269]

---

[4] Capitalized terms not defined herein shall have the meaning ascribed to them in the previously filed reports.

seeking approval to distribute $153,781.54 to Claimants with Allowed Claims. On August 28, 2017, the Court entered an Order approving the Distribution Motion [Docket No. 272].

**(b)** **Report of Distribution.** On August 30, 2017, the Receiver filed his Report of Distribution [Docket No. 273] to verify that the allowed distribution had been sent out to Claimants with Allowed Claims. All distribution checks have been received and cashed.

**(c)** **Receiver Fee Application.** On October 13, 2017, the Receiver filed his Application for Payment of Administrative Fees and Expenses for the period August 1, 2010 through August 31, 2017 (the "Fee Motion") [Docket No. 276] seeking attorneys fees and costs totaling $102,506.00 for the seven year time period. On October 26, 2017, the Court entered an Order approving the Fee Motion [Docket No. 278].

**(d)** **Final Tax Return.** On March 29, 2018 the Receiver filed the final federal and Illinois state income tax returns for the Salutric estate.

### Inventory of Salutric's Assets and Property

3. All potential assets of the estate have been liquidated and the sole remaining asset is the bank account described below:

**(a)** **Bank Account.** The Receiver has a bank account at MB Financial Bank with a current balance of $47,493.99 as of March 31, 2018. Copies of the Receiver's bank statements from April 2017 to March 2018, are attached as **Exhibit A** and a reconciliation of the account is attached as **Exhibit B**.

**(b)** **Final Distribution.** As set forth above, the Receiver is currently holding $47,493.99 in the receivership bank account. The Receiver proposes to distribute $29,872.00 to the Claimants with Allowed Claims (the "Final Distribution"). The Final Distribution will again be a pro rata distribution of approximately an additional 4.4% on each Claimants Allowed Claim.

This will bring the total distribution on Allowed Claims to approximately 27.5% and represents a distribution in excess of 50% of the gross proceeds recovered by the Receiver. The following represents the total distributions during the case:

|   | Claimant | Allowed Amount | First Distribution | Final Distribution |
|---|---|---|---|---|
| 1. | U.S. Department of Labor on behalf of Erisa Plans | $ -0- | $ -0- | $ -0- |
| 2. | DGR Hardware 401k | $ 22,500.00 | $ 5,178.39 | $ 1,006.00 |
| 3. | Birchmeier Homes Inc. 401k | $ 71,071.95 | $ 16,357.20 | $ 3,177.00 |
| 4. | Mary Cullotta | $ 30,000.00 | $ 6,904.50 | $ 1,343.00 |
| 5. | Lucia Leck | $402,742.47 | $ 92,691.10 | $ 18,003.00 |
| 6. | Supreme Auto Transmission, Inc. Profit Sharing Plan | $ 47,103.00 | $ 10,840.75 | $ 2,106.00 |
| 7. | Estate of Chris M. Hrgich, Sr. | $ 94,762.61 | $ 21,809.60 | $ 4,237.00 |
|   | Total | $ 668,180.03 | $ 153,781.54 | $ 29,872.00 |

    **(c)**  **Payment of Accountant Fees.** After payment of the Final Distribution, there will be $17,621.99 remaining in the receivership estate. The Receiver proposes to pay $841.50 to Kutchins Robbins & Diamond as its fee for preparation of the estate's final tax return. A copy of the Kutchins invoice is attached as Exhibit C.

    **(d)**  **Payment of Receiver Fees.** After payment of the Final Distribution and Accountant Fees (if approved), there will be $16,780.49 remaining in the receivership estate. The Receiver proposes to retain the remaining estate funds as his fee for having expended 351.50 hours of his time in the administration of the receivership estate. The time detail is attached as Exhibit D. If awarded, the Receiver will be compensated at an hourly rate of approximately $47.00 for the hours he expended during the seven year period in which he administered the receivership estate. The Receiver has also incurred $209.29 in expenses for which he seeks reimbursement. This does not take into account the current holdback in the amount of

$29,717.50 approved in the Receiver's first interim fee application [Docket No. 121] which the Receiver has never received payment on.

(e) **Conclusion.** The Receiver will be seeking the Court's approval of this Report and the disbursements he had made in connection with his administration of the receivership estate including the disbursements to Claimants with Allowed Claims made to date and those proposed to be made herein along with all professional fees and expenses paid to date and the Receiver's fee proposed herein. Given that there is nothing left for the Receiver to administer or oversee, the Receiver will also be seeking the Court's approval of his request to be relieved of any further responsibilities as Receiver in this case.

Dated: April 16, 2018

Respectfully submitted,

**IRA BODENSTEIN**, not individually, but solely as Receiver of Steven W. Salutric

/s/Ira Bodenstein
One of his attorneys

Ira Bodenstein (#3126857)
Terence G. Banich (#6269359)
Richard M. Fogel (#3127114)
Shaw Fishman Glantz & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois 60654
(312) 541-0151
ibodenstein@shawfishman.com
tbanich@shawfishman.com
rfogel@shawfishman.com