# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 10-cv-115 |
| v. | ) ) | Hon. Robert M. Dow Jr. |
| STEVEN W. SALUTRIC, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER APPROVING RECEIVER'S FINAL REPORT, APPROVING DISBURSEMENTS, DISCHARGING RECEIVER AND GRANTING OTHER RELIEF

Upon consideration of the motion ("Motion")[1] of Ira Bodenstein, not individually, but solely as the Court-appointed receiver (the "Receiver") of Steven W. Salutric, requesting the entry of an order: (a) approving the *Final Report of Receiver* dated April 16, 2018 (the "Final Report"); (b) approving the disbursements, including the payment of professional fees and expenses, that are detailed in the Final Report; (c) authorizing the abandonment, destruction or turnover of records regarding the Receivership that are held by the Receiver; (d) declaring that the Receiver and each of his agents, employees, professionals, attorneys, independent contractors and representatives are: (i) discharged with respect to the Receivership; (ii) released from all claims and liabilities arising out of and/or pertaining to the Receivership; and (iii) relieved of all duties and responsibilities pertaining to the Receivership; (e) terminating the Receivership; and (f) granting related relief; the Court having jurisdiction to hear and determine the Motion and having determined that notice of the Motion is sufficient and no further notice is necessary; and after due deliberation and consideration of the Motion, and there being good cause to grant the relief provided herein; it is **ORDERED**:

1. The Motion is granted.

2. The Final Report and all disbursements made between February 8, 2010 and March 31, 2018 are hereby approved.

3. The Receiver is authorized to disperse $29,872.00 to Claimants with Allowed Claims.

4. The Receiver is allowed compensation in the amount of $16,780.49 for services rendered to the receivership estate between August 1, 2010 and March 31, 2018. The Receiver is authorized to pay such allowed amount of compensation from assets of the receivership estate, in addition to any amounts previously approved and unpaid. The Receiver's compensation for

---

[1] Terms not defined herein shall have the meanings given to them in the Motion.

services and reimbursement of expenses, whether previously approved or approved under this Order, is allowed on a final basis.

5. For preparation of the final tax return, Kutchins Robbins & Diamond is allowed compensation in the amount of $841.50. The Receiver is authorized to pay such allowed amount of compensation from assets of the receivership estate.

6. The Receiver is authorized to dispose of the records of the Receivership Respondents by turning them over to any party legally entitled to receive copies of such records upon receipt of a written request from such party within thirty (30) days of the entry of this Order, and if no such request is timely received by the Receiver, by abandoning or destroying such records, as determined in the Receiver's discretion.

7. Other than the remaining funds in the receivership estate, which the Receiver will disburse pursuant to this Order and as described in the Final Report, any and all Receivership Assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership estate are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

8. Upon the disbursement of the remaining Receivership funds as set forth in the Final Report and this Order, the Receivership is hereby terminated and the Receiver and each of his agents, employees, professionals, attorneys, independent contractors and representatives are: (i) discharged; (ii) released from all claims and liabilities arising out of and/or pertaining to the Receivership; and (iii) relieved of all duties and responsibilities pertaining to the Receivership.

9. This Court shall retain jurisdiction over any and all matters relating to the Receiver, the Receivership and the Receivership estate, including, without limitation, any matters relating to the distribution of funds by the Receiver in connection with his obligations as Receiver or otherwise received after the Receivership is closed.

Dated: May 2, 2018

_____
Robert M. Dow, Jr.
United States District Judge